UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| POONAM SUBBAIAH, | ) Case No.: |
| | ) |
| Plaintiff, | ) COMPLAINT FOR DAMAGES |
| | ) |
| v. | ) VIOLATION OF THE |
| | ) TELEPHONE CONSUMER |
| | ) PROTECTION ACT, |
| STEP ONE AUTOMOTIVE | ) 47 U.S.C. §227, et seq. |
| GROUP, LLC d/b/a BUICK GMC | ) |
| PENSACOLA, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT

Plaintiff, Poonam Subbaiah (hereinafter referred to as "Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against Step One Automotive Group, LLC d/b/a Buick GMC Pensacola (hereinafter referred to as "Defendant"):

# INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*.

1

2. In 1991, President George H.W. Bush signed into law the TCPA in order to protect consumers' privacy rights. Specifically, the right to be left alone from unwanted telemarketing calls.

3. A leading sponsor of the TCPA described telemarketing "robocalls" the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA protects people from receiving automated calls on their cell phones by requiring the caller to first obtain the recipient's "prior express written consent" to receive calls. The penalty for violating this provision of the TCPA $500 per call, and up to $1,500 per call if the TCPA is willfully and knowingly violated.

5. The TCPA, through the accompanying Code of Federal Regulations, 47 CFR §64.1200 *et seq.*, also affords special protections for people who registered their phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after being registered on the National Do Not Call Registry is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction

2

of all civil actions arising under the laws of the United States. *See* Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-questions subject-matter jurisdiction to hear private civil suits under the TCPA).

7. Defendant is a business entity based in Pensacola, Florida.

8. Based on the foregoing, this Court has personal jurisdiction over Defendant.

9. Furthermore, because Defendant does business within this District and each of the offending phone calls were made from this District, venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).

## PARTIES

10. Plaintiff Poonam Subbaiah is a natural person who resides in Torrance, Los Angeles County, California.

11. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 696 Beal Parkway NW, Fort Walton Beach, Florida.

13. Defendant owns and operates the car dealership Buick GMC Pensacola, located at 5651 Pensacola Road, Pensacola, Florida 32505.

14. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS CONCERNING THE PARTIES

16. At all times relevant hereto Plaintiff, Poonam Subbaiah maintained a cell phone, the number for which was (251) XXX-6715.

17. Plaintiff has only used this cellular telephone number for residential purposes.

18. Plaintiff registered that cell phone number on the Federal Do Not Call Registry in or around March of 2006.

19. Plaintiff registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

20. Defendant is an authorized dealer for a nationally known automobile manufacturer.

21. Defendant is a car dealership that sells automobiles to consumers.

22. Defendant engages in telemarketing in order to solicit business from consumers.

23. Plaintiff had no prior knowledge of Defendant, no dealings with Defendant, never visited Defendant's website and never shopped for a vehicle through or involving Defendant.

24. Plaintiff has never researched buying a vehicle in the State of Florida.

25. Plaintiff had no previous or existing business relationship with Defendant.

26. Plaintiff never consented or "opted-in" to receive solicitation calls from Defendant.

27. Defendant, for reasons known only to itself, its officers, agents and/or affiliates, placed unconsented, intrusive and harassing pre-recorded calls to Plaintiff's cell phone number.

28. Beginning in or around December 2019 and continuing through November 2020, Defendant placed a series of unlawful solicitation calls and text messages to Plaintiff, designed to sell her a vehicle.

29. Upon receiving the first text on December 23, 2019 at 6:02 am, Plaintiff informed Defendant that it had the wrong number.

30. Defendant responded by apologizing for the confusion.

31. Nonetheless, Defendant continued to make telemarketing calls and text messages to Plaintiff.

32. Certain telephone calls from Defendant to Plaintiff contained pre-recorded messages.

33. Plaintiff knows the messages were pre-recorded because three of the voicemails she received were identical to one another in terms of the language used, the purported name of the caller, the tone and inflection of the message and the duration of the voicemail.

34. Those calls from Defendant, at least three of which played pre-recorded messages, were placed on the following dates:

- December 23, 2019 – (850) 404-1342
- January 10, 2020 – (850) 404-1342
- January 23, 2020 – (850) 404-1342
- January 23, 2020 – (850) 360-6158

35. Defendant additionally placed at least two (2) solicitation text messages to Plaintiff on:

- December 23, 2019- (850) 404-1342 (2x)

36. While Defendant's pre-recorded messages represented that the call was about "that vehicle we spoke to you about a few days ago", there had never been any prior communication between the parties before Defendant's telemarketing campaign.

37. In fact, Plaintiff did not even know of Defendant's existence until receiving the communications referenced above.

38. Certain calls and texts were received by Plaintiff earlier than 8:00 am.

39. Plaintiff found Defendant's repeated calls and texts annoying, frustrating, upsetting, harassing, and an invasion of her privacy.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. The TCPA prohibits placing calls and texts using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

42. Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile

marketing firm to advertise publication of novel. Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). 1.   <u>Satterfield v. Simon & Schuster, Inc</u>., 569 F.3d 946 (9th Cir. 2009).

43.   Defendant's calls were not made for "emergency purposes."

44.   Defendant's calls and text messages to Plaintiff's cellular telephone were without any prior express consent.

45.   Demonstrating that the violations were willful in nature, Defendant contacted Plaintiff despite the fact that she did not consent to the calls/texts **and** while her number was registered on the Do Not Call Registry.

46.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

47.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA
## <u>47 U.S.C. § 227(c)(5) and 47 CFR § 64.1200(c)(2): National Do Not Call Registry</u>

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c); 47 CFR § 64.1200(c)(2).

50. Defendant placed solicitation calls and texts to Plaintiff despite the fact that her number was registered on the Do Not Call Registry.

51. To be compliant with the Do Not Call Registry, the calling party must first remove any and all phone numbers appearing on the Registry from all telemarketing communications to be placed, to ensure that numbers listed do not get called.

52. Defendant did not remove listed Do Not Call phone numbers from its marketing campaign prior to placing communications to Plaintiff as she received them and had no prior business relationship with Defendant.

53. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

54. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT III**
**DEFENDANT VIOLATED THE TCPA**
**47 U.S.C. § 227(c)(2) and 47 C.F.R. § 64.1200(c)(1): Calls Before 8:00 am**

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. The TCPA delegates rulemaking to the FCC.

57. The FCC's regulations provide in relevant part that "no person or entity shall initiate any telephone solicitation to: Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location.  47 C.F.R. § 64.1200(c)(1).

58. Plaintiff is a resident of California and therefore operates on Pacific Standard Time.

59. Defendant sent text messages and placed calls to Plaintiff that were received before 8:00 am, in violation of the TCPA.

60. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages

WHEREFORE, Plaintiff, POONAM SUBBAIAH, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered, as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violation, as provided by 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violation, as provided by 47 U.S.C. § 227(c)(5)(B);

    d. Treble damages of $1,500.00 per violation, as provided by 47 U.S.C. § 227(b)(3));

    e. Additional treble damages of $1,500.00 per violation, as provided by 47 U.S.C. § 227(c)(5)(C);

    f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and 227(c)(5); and

    g. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, POONAM SUBBAIAH, demands a jury trial in this case.

                      KIMMEL & SILVERMAN, P.C.

                      By: */s/ Jacob U. Ginsburg*
                      Jacob U. Ginsburg, Esq. (phv anticipated)
                      Kimmel & Silverman, P.C.
                      30 East Butler Avenue
                      Ambler, PA  19002
                      Email:jginsburg@creditlaw.com,
                      teamkimmel@creditlaw.com

DATED:  September 8, 2022